1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RASHAD KING, | ) | 1:15-cv-01885-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR APPOINTMENT OF COUNSEL |
| v. | ) | WITHOUT PREJUDICE |
| | ) | |
| S. HOLLAND, et al, | ) | (ECF No. 10) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Rashad King ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1361. Currently before the Court is Plaintiff's motion seeking the appointment of counsel. (ECF No. 10.)

In Plaintiff's motion, he asserts that he is an indigent state prisoner with limited access to legal materials and no meaningful attorney access, other than some limited access to jailhouse lawyers. He also is a layman at the law, with a limited education. As a result, he requests the assistance of appointed counsel.

As Plaintiff admits in his motion, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the

voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases, including those involving allegations of excessive force, almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Plaintiff's complaint will be screened in due course.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 10) is HEREBY DENIED, without prejudice.


IT IS SO ORDERED.

Dated:   __July 12, 2016__          ____/s/ Barbara A. McAuliffe____
                                     UNITED STATES MAGISTRATE JUDGE