1
2
3
4

# UNITED STATES DISTRICT COURT

5
6

EASTERN DISTRICT OF CALIFORNIA

7

8   RASHAD KING,                           )   1:15-cv-01885-BAM (PC)
                                           )
9              Plaintiff,                   )   SCREENING ORDER REQUIRING
                                           )   PLAINTIFF TO EITHER FILE AMENDED
10       v.                                 )   COMPLAINT OR NOTIFY COURT OF
                                           )   WILLINGNESS TO PROCEED ONLY ON
11   S. HOLLAND, et al,                     )   COGNIZABLE CLAIMS
                                           )
12             Defendants.                  )   (ECF No. 1)
                                           )
13   _____ )

14

15       Plaintiff Rashad King ("Plaintiff"), is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 28 U.S.C. § 1361. Plaintiff has consented to

17   magistrate judge jurisdiction. (ECF No. 5.) Pending before the Court is Plaintiff's complaint,

18   filed on December 18, 2015. (ECF No. 1.)

19       I.       **Screening Requirement and Standard**

20

21       The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

23   1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

24   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

25   relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

26   § 1915(e)(2)(B)(ii).

27       A complaint must contain "a short and plain statement of the claim showing that the

28   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California. The events in this action are alleged to have occurred at California Correctional Institution. Plaintiff names the following defendants:  S. Holland, Correctional Officer; A. Solis, Correctional Officer; B. Duncan, Correctional Officer; J. Tingley, Correctional Sergeant; and N. Aitchison, TTARN.  Plaintiff alleges that on April 2, 2014, Defendant Holland came to his cell and told him to pack up because Plaintiff was moving to a different cell.  Plaintiff asked Defendant Holland some questions, and Defendant began cursing at Plaintiff and told him pack up his things.  Plaintiff packed up his belongings, was handcuffed and was escorted out of the cell by Defendant Holland.  Plaintiff's cellie was escorted by a different correctional officer. During this escort, when Defendant Holland got Plaintiff to the rotunda of the building, Defendant Holland slammed Plaintiff's face deliberately and forcefully into the wall and told Plaintiff to get on his knees.  Defendant Holland then slammed Plaintiff's face onto the concrete

2

floor and began punching Plaintiff and kneeing him in the back, head, and ribs.  Defendant Duncan then approached them and kicked Plaintiff in the ribs and face.  Plaintiff states he was not resisting and was not posing a threat.  Defendant Holland cursed at Plaintiff and punched Plaintiff again in the head while Plaintiff was on his knees and bent over.  Holland then put a hand on Plaintiff's throat and with the other hand on the handcuffs, forcefully yanked Plaintiff off of the floor.  Plaintiff alleges that when he was in a standing position, Holland rubbed a finger between Plaintiff's buttock s and pushed inward toward his anal cavity and stated derogatory remarks about sexual acts.  Plaintiff was not given any medical care.

Plaintiff was placed into a second cell and refused to be allowed to talk to a sergeant. Defendants Solis and Holland came back and then sprayed Plaintiff and his cellie with pepper spray through the tray slot.  Both Plaintiff and his cellie were handcuffed again and Holland grabbed Plaintiff out of his cell and Defendant Solis punched Plaintiff two times in the back of his head.   He was knocked partially unconscious and was dizzy.  Holland rammed Plaintiff's head into the wall two times and continued punching and ramming Plaintiff into the wall. Defendants Holland, Solis and Duncan punched him several times in his ribs, torso and head. Plaintiff's nose got broken and his face was swelling.

Plaintiff alleges the Sergeant J. Tingley and an unknown sergeant were both present and watched and ignored the force being used. Both Sergeants watched and coached on the force. Plaintiff alleges that they conspired to make false allegations of cell fighting or delaying a peace officer in the performance of duty, in order to cover up the excessive force.

After the force, Plaintiff began to throw up blood and reported to the Nurse, Defendant N. Aitchison, that he was in severe pain, his nose was bleeding, and told her that the correctional officers had beat him up.  Defendant Aitchison said "no bruises and you guy's did good."  She refused to document his injuries or pain.

Plaintiff requests to be moved to another institution and requests compensatory and punitive damages.

///

///

3

III.   **Analysis**

A.   **Eighth Amendment**

1.   **Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.   Hudson v.McMillian, 503 U.S. 1, 5 (1992) (citations omitted).   For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).   The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff has alleged facts, liberally construed, indicating that Defendants Holland, Duncan, and Solis subjected Plaintiff to excessive force.   Plaintiff has alleged facts indicating that during the escort from his first cell, he was not offering any resistance, and was in handcuffs, and was subjected to kicks, punches, ramming his head, all causing pain and injury to Plaintiff by Duncan and Holland.   Plaintiff also alleges that after he was placed in the second cell, offering no resistance or disturbance, Defendants Solis and Holland came back and then sprayed Plaintiff with pepper spray and Holland, Solis and Duncan subjected Plaintiff to excessive force. Plaintiff has therefore alleged facts sufficient to state a claim for relief for excessive force against Defendants Holland and Duncan during the first escort, and against Defendants Holland, Duncan and Solis for excessive force in the second cell.

### 2.   Failure to Protect

Prison officials have a duty under the Eighth Amendment to take reasonable steps to protect inmates from physical abuse. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832–33, 114 S. Ct. 1970 (1994); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." <u>Farmer</u>, 511 U.S. at 834. This showing involves subjective and objective components: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." <u>Id.</u> at 837. The question under the Eighth "Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health....' " Id. at 843 (citing <u>Helling v. McKinney</u>, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L.Ed. 2d 22 (1993)).

At the pleading stage, Plaintiff has stated a cognizable claim against Defendant Tingley for failing to intervene in the attack by Defendants Holland, Solis and Duncan at the second cell. Plaintiff fails to allege facts to state a claim for failure to intervene by Defendant Tingley as to the force during the escort because Plaintiff does not allege he witnessed it.

### 3.   Sexual Misconduct

The Eighth Amendment's deliberate indifference standard sets the minimum standard of care due. <u>Oregon Advocacy Center v. Mink</u>, 322 F.3d 1101, 1120 (9th Cir. 2003). Sexual abuse of prisoners has been held to constitute cruel and unusual punishment. <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000).

Based on Plaintiff's allegations in the amended complaint, Plaintiff states a cognizable claim for sexual assault against Defendant Holland.

### 4.   Eighth Amendment Indifference to Medical Needs

The Eighth Amendment entitles prisoners to medical care, and a prison official violates the Amendment when he acts with deliberate indifference to an inmate's serious medical needs. <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1081 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113,

1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] serious medical need is present whenever the 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)); see also Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (a serious medical need exists where inmate has an injury that a reasonable doctor would find worthy of comment or treatment or suffers chronic and substantial pain.)

### Medical Care following the Escort

Plaintiff alleges he was not given any medical care following the escort.  Plaintiff however fails to state a claim because he does not allege that he had any injury as a result of this conduct which required medical care. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).  Further, as to the Sergeant, Plaintiff fails to allege the Sergeant witnessed this attack. Leave to amend will be granted.

### Medical Care After being Placed in the Second Cell

Plaintiff alleges that he was seen by nurse Aitchison.

Plaintiff fails to state a claim for medical deliberate indifference as to Nurse Aitchison. Plaintiff complains only that Nurse Aitchison did not document his injuries, but fails to allege any facts that Nurse Aitchison did not treat his injuries when she saw him.

Plaintiff also fails to state a claim of medical indifference against the defendant officers and Sergeants for allegedly failing to summon medical care following the attack in the second cell.  Plaintiff, in fact, avers that he was seen by medical after this attack.

### B.      Conspiracy

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.2001) (internal quotation marks and citation omitted), and an "actual deprivation of ... constitutional rights [that] resulted from the alleged conspiracy." Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.2006) (internal quotation marks and citation omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant

must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (internal quotation marks and citation omitted).

Here, Plaintiff has failed to allege any facts to demonstrate a specific agreement between Defendants. Instead, his claim is based on speculation and conclusory allegations. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)("Vague and conclusory allegations of official participation in civil rights violations are not sufficient...."). It is not enough to state the existence of a conspiracy, without alleging facts.

Plaintiff makes some allegations of false reporting.  The falsification of disciplinary reports does not state a standalone constitutional claim. See, e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D.Cal.2012). Indeed, there is no constitutional right to a prison administrative appeal or grievance system, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), cert. denied, 541 U.S. 1063, 124 S.Ct. 2388, 158 L.Ed.2d 963 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), and a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). In sum, Plaintiff's allegations of false reports and cover up, standing alone, do not state a cognizable constitutional claim. See, e.g., Higgins v. Medina, 2009 WL 3255268, *3 (E.D.Cal.2009) (finding not cognizable plaintiff's due process claim arising from the falsification of reports and other documents relating to incident of excessive force because prisoners do not have an independent right, grounded in the Due Process Clause, to an accurate prison record).

## IV.  Conclusion and Order

The Court finds that Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Holland and Duncan during the first escort, and against Defendants Holland, Duncan and Solis for excessive force in the second cell;

a claim against Defendant Tingley for failing to intervene in the attack by Defendants Holland, Solis and Duncan in the second cell; and an Eighth Amendment sexual assault against Defendant Holland.  However, Plaintiff has failed to state any other cognizable claims. The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The remaining defendants and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

Plaintiff is also reminded that Plaintiff's amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927.  Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send to Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaint must either:

a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

b.      Notify the court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the cognizable claims for excessive force in

violation of the Eighth Amendment against Amendment against Defendants Holland and Duncan during the first escort, and against Defendants Holland, Duncan and Solis for excessive force in the second cell, a claim against Defendant Tingley for failing to intervene in the attack by Defendants Holland, Solis and Duncan in the second cell, and an Eighth Amendment sexual assault against Defendant Holland, and

       3.      **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

    Dated:   **November 10, 2016**       /s/ *Barbara A. McAuliffe*

                                     UNITED STATES MAGISTRATE JUDGE