# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING, | Case No. 1:15-cv-01885-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| S. HOLLAND, et al., | (ECF No. 19) |
| Defendants. | |

Plaintiff Rashad King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  This action currently proceeds on Plaintiff's Eighth Amendment claims against Defendants Duncan, Holland, Solis and Tingley.

On December 27, 2016, Plaintiff filed the instant motion for appointment of counsel. (ECF No. 19.) Plaintiff asserts that he is unable to afford counsel, the issues involved in this case are complex, he has contacted numerous attorneys but none have responded, and he has limited knowledge of the law. Plaintiff argues that he is entitled to counsel for several reasons, including his lack of education and legal training, this case involves claims for excessive force and sexual assault, limited access to the law library, the demand for a jury trial, the need for extensive discovery, and the conflicting testimonies of the parties.

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court

cannot require an attorney to represent Plaintiff under 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel under 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff's indigent circumstances, the complexity of the case, and Plaintiff's limited knowledge of the law do not make his case exceptional. This Court is faced with similar cases, particularly those involving allegations of excessive force, almost daily. Moreover, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and upon reviewing the record, the Court does not find that Plaintiff cannot adequately articulate his claims. *Rand*, 113 F.3d at 1525. However, if Plaintiff requires additional time to comply with relevant deadlines and court orders due to his limited education, complexities of the case or other circumstances, then he may seek appropriate extensions of time.

Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 28, 2016**              /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE