# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>S. HOLLAND, et al.,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-01885-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 34) |

Plaintiff Rashad King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's Eighth Amendment claims against Defendants Duncan, Holland, Solis, and Tingley.[1]

On July 8, 2016, Plaintiff filed a motion for appointment of counsel, asserting that he is an indigent state prisoner with limited access to legal materials and no meaningful attorney access, other than some limited access to "jailhouse lawyers." He also asserted that he is a layman at the law, with a limited education. (ECF No. 10.) The Court denied his motion on July 12, 2016, finding that the matter did not present exceptional circumstances. (ECF No. 11.)

On December 27, 2016, Plaintiff filed a second motion for appointment of counsel. (ECF No. 19.) On December 28, 2016, the Court denied Plaintiff's second motion, again finding that

---

[1] Defendant Solis has not yet been served with the summons and complaint in this matter. Service by the United States Marshal was returned unexecuted for the second time on April 10, 2017. The Court will address this matter by separate order.

1

the matter did not present exceptional circumstances. (ECF No. 20.) On April 10, 2017, Plaintiff filed the instant motion requesting appointment of counsel. (ECF No. 34.)

**I.  Legal Standard**

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reversed in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff under 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel under section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

**II.  Discussion**

In the instant motion, Plaintiff requests the appointment of counsel for the following reasons: (1) Plaintiff is unable to afford counsel; (2) the issues involved in this case are complex; (3) Plaintiff wrote letters to numerous attorneys but none have responded; and (4) Plaintiff has limited knowledge of the law. (ECF No. 34.)

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances. As previously indicated, Plaintiff's indigent circumstances, the complexity of the case, and Plaintiff's limited knowledge of the law do not make his case exceptional. This Court is faced with similar cases, particularly those involving allegations of excessive force, almost daily. Plaintiff has provided no new considerations or changed circumstances indicating that he is unable to proceed in this matter without the assistance of counsel.

///

Moreover, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and upon reviewing the record, the Court does not find that Plaintiff cannot adequately articulate his claims. <u>Rand</u>, 113 F.3d at 1525. However, if Plaintiff requires additional time to comply with relevant deadlines and court orders due to his limited education, complexities of the case or other circumstances, then he may seek appropriate extensions of time.

Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 12, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE