# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. HOLLAND, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01885-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT SOLIS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>**THIRTY (30) DAY DEADLINE** |

## I.　Introduction

Plaintiff Rashad King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on December 18, 2015, for violations of the Eighth Amendment against Defendants Holland and Duncan for excessive force during the first escort; against Defendants Holland, Duncan, and Solis for excessive force in the second cell; against Defendant Tingley for failing to intervene in the attack by Defendants Holland, Solis, and Duncan in the second cell; and an Eighth Amendment sexual assault against Defendant Holland.

## II.　Service by the United States Marshal

On December 22, 2016, the Court ordered the United States Marshal to initiate service of process in this action upon Defendants Holland, Duncan, Solis, and Tingley. (ECF No. 18.) However, the Marshal was unable to locate Defendant Solis and service was returned unexecuted for this defendant on January 26, 2017. (ECF No. 21.)

1

On January 27, 2017, the Court issued an order for Plaintiff to show cause why Defendant Solis should not be dismissed from this action under Federal Rule of Civil Procedure 4(m) for failure to effectuate service. (ECF No. 22.) On February 27, 2017, Plaintiff filed a response to the show cause order. Plaintiff requested that Defendant Solis not be dismissed from this action, contending that he provided sufficient information for service and that he was unaware of the termination of Defendant Solis. Plaintiff believed that CDCR or CCI State Prison had information of the last known address or contact information for Defendant Solis. (ECF No. 23.) On March 6, 2017, in light of Plaintiff's response, the Court discharged the order to show cause and issued a second order directing the United States Marshal to serve Defendant Solis. (ECF Nos. 24, 25.)

On April 7, 2017, service was again returned unexecuted. The Marshal explained that CDCR was contacted for the last known contact information of Defendant Solis, but the telephone number provided was incorrect, and the waiver packet mailed to the last known address for Defendant Solis was returned to sender. The Marshal also indicated that CDCR no longer employs an investigator who can assist in locating defendants. (ECF No. 33.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). A pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint. See, e.g., Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). Accordingly, delays or failures to effectuate service attributable to the Marshal are "automatically good cause within the meaning of Rule 4[m].'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995) (citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient

information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

Here, the Marshal has exhausted all possible avenues for effecting service of process on Defendant Solis using the information Plaintiff previously provided, but has not been able to effect service. If Plaintiff is unable to provide the Marshal with additional information to locate and serve Defendant Solis, then Defendant Solis shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Solis should not be dismissed from this action at this time.

### III. Conclusion and Order

Accordingly, the Court HEREBY ORDERS that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Solis should not be dismissed from this action. Plaintiff may comply with this order by providing accurate and sufficient information for the Marshal to identify and locate Defendant Solis for service of process; and
2. **The failure to respond to this order will result in the dismissal of Defendant Solis from this action.**

IT IS SO ORDERED.

Dated: **April 12, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE