# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. HOLLAND, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01885-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF REQUEST FOR ORDER OR SUBPOENA IN OBTAINING AFFIDAVIT STATEMENT FROM WITNESS<br><br>(ECF No. 39) |

Plaintiff Rashad King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on December 18, 2015, for violations of the Eighth Amendment against Defendants Holland and Duncan for excessive force during the first escort; Defendants Holland, Duncan, and Solis for excessive force in the second cell; against Defendant Tingley for failing to intervene in the attack by Defendants Holland, Solis, and Duncan in the second cell; and an Eighth Amendment sexual assault against Defendant Holland. Plaintiff is currently incarcerated at High Desert State Prison.

On April 17, 2017, Plaintiff filed the instant request for an order or subpoena requiring Warden M. E. Spearman at High Desert State Prison, a nonparty to this action, to allow Plaintiff to obtain an affidavit from Inmate Crawford (CDCR # V98835), who is currently incarcerated at Pelican Bay State Prison. Plaintiff seeks for the Court to require Warden Spearman to allow

1

Plaintiff to confidentially or legally correspond with Inmate Crawford. The Court will construe the request as one seeking a preliminary injunction.

**I.  Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 101–02 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Additionally, district courts lack the authority to issue an injunction directed at an entity or individual that is not a party before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1983).

**II.  Discussion**

Plaintiff asserts that he "is representing his self in the case pro per and doesn't have the assistance of counsel to obtain information it will be fair in issuing an order/subpoena, due to prison official will not allow correspondance." (ECF No. 39, p. 1) (errors in original). While prisoners have a constitutional right to send and receive mail, it is limited by the state's interest in maintaining safety and security in its prisons. Turner v. Safley, 482 U.S. 78, 89 (1987). Inmates

in California's prison system may correspond with other inmates "provided those persons meet the criteria of approval of no known [Security Threat Group] affiliation, or involvement with a known terrorist group or racketeering enterprise." Cal. Code Regs. tit. 15, § 3139(b) (2017). The same regulation gives a warden authority to restrict an inmate in another facility from communicating with inmates in his custody. "[A]pproval to correspond may be revoked due to disciplinary violations involving correspondence between the inmates/parolees or as a result of classification action based on safety and security." Id. § 3139(d). "If an inmate's request to correspond with another inmate/parolee is denied, the [Correctional Counselor I] shall advise the inmate in writing." Id. § 3139(c).

Here, Plaintiff has not indicated whether he has attempted to use the process provided for in § 3139 and been denied. He does not submit any documentation, or otherwise describe any effort he has made to request correspondence with Inmate Crawford, nor does he provide any reason why such request was denied. He merely states that the prison official will not allow correspondence. Thus, even if the Court had the jurisdiction to issue an injunction against Warden Spearman, who is not a party to this action, Plaintiff has not met the high burden of showing irreparable harm in the absence of injunctive relief or that the balance of equities tips in favor of an injunction here. As a result, the Court recommends that Plaintiff's request be denied. Plaintiff is encouraged to avail himself of the process provided for in § 3139 to request to correspond with Inmate Crawford, to the extent he has not yet done so.

### III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's request for an order or subpoena in obtaining affidavit statement from witness be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 2, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE