# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. HOLLAND, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01885-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT SOLIS FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Rashad King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on December 18, 2015, for violations of the Eighth Amendment against Defendants Holland and Duncan for excessive force during the first escort; against Defendants Holland, Duncan, and Solis for excessive force in the second cell; against Defendant Tingley for failing to intervene in the attack by Defendants Holland, Solis, and Duncan in the second cell; and an Eighth Amendment sexual assault against Defendant Holland.

**II.　Service by the United States Marshal**

On December 22, 2016, the Court ordered the United States Marshal to initiate service of process in this action upon Defendants Holland, Duncan, Solis, and Tingley. (ECF No. 18.) However, the Marshal was unable to locate Defendant Solis and service was returned unexecuted for this defendant on January 26, 2017. (ECF No. 21.)

On January 27, 2017, the Court issued an order for Plaintiff to show cause why Defendant Solis should not be dismissed from this action under Federal Rule of Civil Procedure 4(m) for failure to effectuate service. (ECF No. 22.) On February 27, 2017, Plaintiff filed a response, contending that he provided sufficient information for service and that he believed CDCR or CCI State Prison had information of the last known address or contact information for Defendant Solis. (ECF No. 23.) On March 6, 2017, the Court discharged the order to show cause and issued a second order directing the United States Marshal to serve Defendant Solis. (ECF Nos. 24, 25.)

On April 7, 2017, service was again returned unexecuted. The Marshal explained that CDCR was contacted for the last known contact information of Defendant Solis, but the telephone number provided was incorrect, and the waiver packet mailed to the last known address for Defendant Solis was returned to sender. The Marshal also indicated that CDCR no longer employs an investigator who can assist in locating defendants. (ECF No. 33.)

The Court issued a second order for Plaintiff to show cause why Defendant Solis should not be dismissed from this action. (ECF No. 38.) Plaintiff filed a response on May 8, 2017, contending that Defendant Solis should be held accountable for his actions. Plaintiff further states that he provided all information to his knowledge regarding Defendant Solis, and he does not have the resources to find Defendant Solis due to his incarceration and lack of attorney assistance. (ECF No. 43.)

**III.    Discussion**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421–22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

///

Here, the Marshal has exhausted all possible avenues for effecting service of process on Defendant Solis using the information Plaintiff previously provided, and has not been able to effect service. Pursuant to Rule 4(m), the Court provided Plaintiff with a second opportunity to show cause why Defendant Solis should not be dismissed from this action, and to provide additional information to locate Defendant Solis. Plaintiff has failed to show cause why Defendant Solis should not be dismissed from this action.

Accordingly, it is HEREBY RECOMMENDED that Defendant Solis be DISMISSED from this action, without prejudice, based on Plaintiff's failure to effect service of the summons and complaint as required by Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 12, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE