UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD KING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>S. HOLLAND et al.,<br><br>　　　　　　Defendants. | No. 1:15-cv-01885-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF REQUEST FOR ORDER OR SUBPOENA IN OBTAINING AFFIDAVIT STATEMENT FROM WITNESS<br><br>(Doc. Nos. 39 & 42) |

　　　　Plaintiff Rashad King is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On May 2, 2017, the assigned magistrate judge issued findings and recommendations addressing plaintiff's request for an order or subpoena, which the magistrate judge construed as a motion for preliminary injunction. (Doc. No. 42.) Therein, the magistrate judge recommended that plaintiff's motion be denied, and encouraged plaintiff to avail himself of the process for requesting communications between inmates housed in separate facilities set forth in § 3139(b) of Title 15 of the California Code of Regulations. That process gives a warden the authority to evaluate an inmate's request, taking into consideration safety and security concerns under the circumstances. (*See id.* at 2–3.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within

1

| | |
|---|---|
|1| fourteen days after service. (*Id.* at 3.) Plaintiff timely filed objections on May 15, 2017. (Doc.|
|2| No. 46.)|
|3| In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a|
|4| *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's|
|5| objections, the court finds the findings and recommendations to be supported by the record and|
|6| by proper analysis.|
|7| In his objections, plaintiff contends that he has made numerous attempts to get a|
|8| correspondence approval, but has received no response. (*See* Doc. No. 46.) Plaintiff further|
|9| states that he is given "major hassles" from the counselor or prison officials, and his documents|
|10| are either deemed lost or disregarded. Thus, according to plaintiff, he has no way to demonstrate|
|11| or prove to the court that he has followed the prison procedures in requesting that he be allowed|
|12| to correspond with inmate Crawford. Plaintiff states an affidavit from inmate Crawford will|
|13| corroborate the allegations of his complaint and give him a better chance of prevailing on|
|14| summary judgment or at trial. Finally, plaintiff contends that he does not have time to use the|
|15| prison grievance system because that process is a lengthy one and does not a guarantee a result.|
|16| As an initial matter, the undersigned agrees with the assigned magistrate judge that this|
|17| court lacks the jurisdiction in this action over anyone other than the plaintiff and the defendants.|
|18| (*See* Doc. No. 42 at 2) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 112|
|19| (1969). As such, the court cannot order the Warden M. E. Spearman to authorize plaintiff to|
|20| communicate with inmates incarcerated at other prisons as plaintiff requests. At most, the court|
|21| can seek the assistance of officials at the California Department of Corrections and Rehabilitation|
|22| if it were to find that plaintiff's ability to litigate his claim was being hampered unnecessarily.|
|23| However, under the present circumstances of this case, the court declines to do so. Even if|
|24| plaintiff has adequately pursued the prison administrative procedures for seeking authorization to|
|25| communicate with inmates incarcerated at other prisons, he has not shown this court that any such|
|26| communications are necessary to prosecute this action. *See, e.g.*, *Bridges v. Hubbard*, No. 2:09-|
|27| cv-00940-GEB-DAD, 2013 WL 1281781, at *2 (E.D. Cal. Mar. 26, 2013) (denying motion due to|
|28| failure to adequately demonstrate that any potential third-party inmate witnesses possessed|

relevant evidence with regard to the case); *Puckett v. Bailey,* No. 1:10-cv-02145-LJO-GBC, 2012 WL 1196488, at *2 (E.D. Cal. Apr. 10, 2012) (denying plaintiff's motion to correspond with inmate witnesses because he failed to show the prospective witnesses had relevant knowledge); *Tilei v. Wan,* No. 1:06-cv-00776-OWW-GSA, 2011 WL 121552, at *7 (E.D. Cal. Jan.13, 2011) (same). Here, plaintiff has not informed the court as to what specific evidence inmate Crawford will provide regarding this case. Moreover, plaintiff's argument concerning the lengthy nature of the prison grievance process is also unpersuasive. As a result, the undersigned finds no basis on which to reject the findings and recommendations.

Accordingly,

1. The May 2, 2017 findings and recommendations (Doc. No. 42) are adopted in full; and
2. Plaintiff's request of order or subpoena in obtaining affidavit statement from witness (Doc. No. 39), construed as a motion for a preliminary injunction is denied.

IT IS SO ORDERED.

Dated: **August 8, 2017**

_____
UNITED STATES DISTRICT JUDGE